UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CLEMONS,

       Plaintiff,                     CIVIL ACTION NO. 07-12863

     v.                                 DISTRICT JUDGE PAUL D. BORMAN

ANTHONY GAINES, MARK YOUNG,     MAGISTRATE JUDGE VIRGINIA M. MORGAN
JOHN DOE, THOMAS BIRKETT[1],

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

In 1994, plaintiff was arrested by City of Detroit Police Officers following a shooting of Allen Young. He was not prosecuted for the shooting. He was charged and convicted of the offense of Carrying a Concealed Weapon. While in custody, he filed in excess of a dozen *pro se* cases challenging his conditions of confinement, the extension of his sentence, and other concerns. At least one of these, Clemons v. Caruso, 06-CV-13230 (Edmunds, J.) was dismissed under the "three strikes" rule (28 U.S.C. §1915(g)) for the reason that plaintiff had at least three other civil cases which were dismissed as frivolous, malicious, or for failure to state a claim

---

[1] Plaintiff does not name a John Doe nor make allegations against any unidentified person. However, John Doe is listed as a defendant on the docket sheet. By separate order, the court strikes the John Doe defendant to conform with the complaint.

upon which relief could be granted. (See, Opinion and Order of Summary Dismissal, August 4, 2006)

In July 2007, following his May 2007 discharge from the Michigan Department of Corrections, plaintiff filed the instant *pro se* action–designating it as a non-prisoner civil rights action. He failed to complete those portions of the filing form which would have disclosed that the same issues were raised in other cases and decided adversely to him. He challenges the constitutionality of his arrest and length of his sentence. The district judge granted the application for plaintiff to proceed *in forma pauperis*, but did not order the Marshals Service to serve the complaint. Plaintiff named as defendants Detroit Police Officers Gaines and Young, and Warden Birkett at the MDOC facility at Standish, Michigan. Plaintiff brings his action pursuant to 42 U.S.C. §1983. Plaintiff alleges false arrest, false imprisonment, and imprisonment past the date of judgment (D/E # 1). He also contends that the action is timely, despite the fact that the basis of the claim is more than 13 years old, arguing that the arrest occurred in September, 1994, the period of arrest was continued until May 29, 2007 when he was released from custody.

This matter comes before the court on Warden Thomas Birkett's Motion to Dismiss (D/E # 5) and defendants Anthony Gaines and Mark Young's Motion to Dismiss (D/E # 7). For the reasons stated below, this Court recommends that defendants' motions be **GRANTED** and the case dismissed with prejudice.

## II. Background

### A. Complaint

#### 1. Allegations against defendants Officers Gaines and Young

In the section of the complaint labeled "OPERATIVE FACTS" plaintiff asserted the following allegations against Gaines and Young, two police officers for the city of Detroit. According to plaintiff, a man named Allen Young was wounded by a gunshot around 3:00 p.m. on September 1, 1994. (Complaint, p. 2, ¶¶ 2-3) Soon after the shooting, Gaines and Young approached plaintiff's vehicle. Plaintiff, his then-girlfriend and two friends had entered his vehicle and pulled out of his driveway. Plaintiff and his friends were a mere four blocks away from plaintiff's address when they were approached. (Complaint, p. 3, ¶ 4) Gaines and Young aimed their guns on plaintiff and Roy Harold Thompson, one of plaintiff's friends in the car. (Complaint, p. 3, ¶ 5) Gaines retrieved a .38 caliber revolver from the back seat near Thompson. Plaintiff's other friend fled from the front passenger's seat while Young pulled plaintiff from plaintiff's car. Gaines gave chase, but the man was not apprehended. Gaines returned with a .9 mm semi-automatic, which he falsely accused plaintiff of possessing. (Complaint, p. 3, ¶ 6)

Plaintiff was taken to the 8th precinct, where Gaines approached plaintiff in plaintiff's cell. Gaines told plaintiff that he and Young knew that the gun was not plaintiff's, and that he would let plaintiff go if plaintiff cooperated and identified the man who ran away from the car. Gaines also made other threats and statements in order to get plaintiff to give the name of a fellow passenger in the car. (Complaint, p. 4, ¶ 8)

On September 3, 1994, the charges against Thompson were dropped and he was released. At that same time, Gaines and Young told plaintiff he could have been released too if he had talked. (Complaint, p. 4, ¶ 9) Also on September 3, 1994, plaintiff told his parole officer that he was being threatened, but she did nothing. (Complaint, p. 4, ¶¶ 10-11)

After plaintiff was held six days without being charged, plaintiff's girlfriend called plaintiff's parole officer's supervisor and threatened action if plaintiff was not released. (Complaint, p. 4, ¶ 12) Plaintiff was eventually transferred to police headquarters, where an officer named Moore told plaintiff that the parole officer had directed Gaines and Young to charge or release plaintiff. (Complaint, p. 5, ¶ 13) At least ten days after his arrest, plaintiff was taken before a magistrate and arraigned for carrying a concealed weapon in a motor vehicle. (Complaint, p. 5, ¶ 14) On September 22, 2005, at plaintiff's preliminary exam, plaintiff was bound over for trial. He was convicted after a trial. Plaintiff contends that Gaines and Young lied and testified falsely that plaintiff was in possession of the gun. (Complaint, pp. 5-6, ¶¶ 16-19)[2]

Plaintiff was sentenced to one and a half to four years imprisonment. He states that he was also sentenced for a parole violation to one to four years imprisonment on the previous

---

[2]These allegations were raised in at least one earlier lawsuit filed and dismissed in this court, <u>Clemons v. Young and Gaines</u>, 02-10246-BC (Lawson, J.). That case was dismissed pursuant to 28 U.S.C. §1915(g), the three strikes rule.

charge. (Complaint, p. 6, ¶ 20) He states that he was denied an appeal.³ He also alleges that his conditions of confinement included insults and contaminated meals.

### 2. Allegations against defendant Birkett

In the portion of his complaint labeled "COUNT 2" plaintiff makes allegations involving defendant Birkett for his actions occurring in 2006. Plaintiff states that an unidentified state agent requested that Diana Judge, an audit and intake specialist with the Michigan Department of Corrections, take action to correct the sentence imposed for violation of probation. Ms. Judge wrote the Hon. Annette Berry on February 16, 2006, asking to increase plaintiff's sentence to a maximum of five years (consistent with the statutory maximum). (Complaint, pp. 6-7, ¶ 1) On March 30, 2006, Judge Berry complied with the request and, pursuant to M.C.L. § 769.8, amended plaintiff's absolute discharge date of May 4, 2006 to May 29, 2007. (Complaint, p. 7, ¶ 2)

Plaintiff further alleges that on or about May 4, 2006, Birkett, through the records supervisor at the prison, told plaintiff that he would not take action to challenge the order or provide a remedy, and that he would continue the increased custody because of plaintiff's

---

³Plaintiff challenged his conviction in a Petition for Habeas Corpus, Clemons v. Luoma, Case No. 03-CV-70712-DT (Cohn, J.) The Petition was reviewed and dismissed as untimely. (Opinion and Order Granting Motion to Dismiss and Dismissing Petition for Writ of Habeas Corpus, October 8, 2003). In that case, the court noted that plaintiff's original sentence expired in 2001, but that he remained incarcerated pursuant to a four month to five year consecutive sentence for possession of contraband by a prisoner. (Opinion, page 2, n.1) In 2005, plaintiff filed a "Motion for Relief from Judgment" challenging the earlier decision. Clemons v. Luoma, Case No. 03-CV-70712-DT (Cohn, J.). That motion was denied. 2005 WL 2173276

resistence. Birkett allegedly did this knowing that the order to detain plaintiff was jurisdictionally void. (Complaint, p. 8)[4]

Plaintiff states that on or about July 6, 2006, Assistant Attorney General of Michigan H. Steven Langswager wrote Birkett of plaintiff's legal entitlement to escape pursuant to M.C.L. § 750.197c and suggested escape prevention. Birkett then instructed a resident unit manger to conduct a hearing summarily upholding the confinement. (Complaint, pp. 8-9)

Birkett also upheld the unlawful seizure of plaintiff's religious kosher meals, ignored plaintiff's complaints, and extended plaintiff's confinement through a written order. (Complaint, p. 9)

### B. Motions to Dismiss

#### 1. Gaines and Young's Motion to Dismiss

On August 27, 2007, Gaines and Young filed a motion to dismiss (D/E # 7). In their motion, Gaines and Young argue that plaintiff's claims against them are barred pursuant to Heck v. Humphrey[5] and its progeny because a plaintiff cannot file a 42 U.S.C. § 1983 action based on the alleged unlawful conduct of the officers arresting him and causing his conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, otherwise declared invalid. Gaines and Young also argue that plaintiff's claims are barred because they are outside the applicable statute of limitations.

---

[4] Near the end of his complaint, plaintiff stops numbering paragraphs.

[5] Heck v. Humphrey, 512 U.S. 477, 129 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

-6-

On September 13, 2007, plaintiff filed a response to Gaines and Young's motion to dismiss (D/E # 10).[6] In that response, plaintiff argues that defendants, through the state of Michigan, reopened the litigation when they specifically sought a state judge to extend the 4 year sentence to a new maximum sentence of 5 years and that, under clearly established Michigan law, their activities waived any statute of limitations objections. Plaintiff also argues that the ruling in <u>Clemons v. Luoma</u>, No. 03-70712, 2005 WL 2173276 (E.D. Mich September 6, 2005) (Cohn, J.) entitles plaintiff to pursue his claims under 42 U.S.C. § 1983 and satisfies any concerns regarding <u>Heck</u> raised by Gaines and Young.[7]

### 2. Birkett's Motion to Dismiss

On August 20, 2007, Birkett filed a motion to dismiss plaintiff's claims against him (D/E # 5). In that motion, Birkett argued that plaintiff failed to properly serve him and, consequently, plaintiff's claims should be dismissed without prejudice for improper service, improper service of process, and lack of personal jurisdiction.

On August 31, 2007, plaintiff filed a response to Birkett's motion to dismiss (D/E # 8).[8] In that response, plaintiff argues that, while he would have preferred service by the United States

---

[6]On the docket sheet, plaintiff's response to Gaines and Young's motion to dismiss is incorrectly identified as a response to Birkett's motion to dismiss.

[7]On September 7, 2007, Gaines and Young filed a reply to plaintiff's response (D/E # 9). However, that reply was to the incorrectly docketed response to Birkett's motion, and not a response to their motion. Gaines and Young correctly argued that plaintiff's response failed to address their arguments, but that was because the responses had been docketed incorrectly.

[8]On the docket sheet, plaintiff's response to Birkett's motion to dismiss is incorrectly identified as a response to Gaines and Young's motion to dismiss.

Marshal's Service, plaintiff was instructed by "HER HONOR'S OWN CLERK" to serve defendants. In support of that assertion, plaintiff cites to a correspondence from Teresa McGovern dated August 3, 2007. Plaintiff also argues that, even if the service was technically improper, all defendants have actual notice of the case and the claims should not be dismissed.

**III. Discussion**

    **A.**    **Gaines and Young's Motion to Dismiss**

        **1.**    **Heck v. Humphrey**

Gaines and Young first argue that plaintiff's claims against them are barred pursuant to Heck v. Humphrey, 512 U.S. 477, 129 S.Ct. 2364, 129 L.Ed.2d 383 (1994). As provided in that case, in order for a prisoner

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. [Heck, 512 U.S. at 486-87 (emphasis in original).]

Heck and other Supreme Courts cases, when taken together, indicate that a prisoner's civil rights action "is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis in original). Heck applies to both prisoners and persons no longer incarcerated. Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995).

Success in this action would demonstrate the invalidity of plaintiff's conviction as plaintiff asserts that Gaines and Young falsely arrested him. Plaintiff has not demonstrated that his conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Consequently, plaintiff's action is barred.

Plaintiff argues that Judge Cohn's ruling in Clemons v. Louma, No. 03-70712, 2005 WL 2173276 (E.D. Mich. September 6, 2005) entitles plaintiff to pursue his claims under 42 U.S.C. § 1983. In that decision, Judge Cohn rejected plaintiff's claim that he was entitled to have his habeas corpus petition deemed timely. Clemons, 2005 WL 2173276 at *1. It is unclear what plaintiff is arguing but nothing in that decision invalidates plaintiff's conviction and Heck v. Humphrey still bars his action here.

### 2. Statute of Limitations

Gaines and Young also argue that plaintiff's claims are barred because they are outside the applicable statute of limitations. The Sixth Circuit has held that the appropriate statute of limitations § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims. Mich. Comp. Laws Ann. § 600.5805(10); Chippewa Trading Co. v. Cox, 365 F.3d 538, 543 (6th Cir.), cert. denied, __U.S. __, 125 S.Ct. 500, 160 L.Ed.2d 372 (2004).

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." Wolfe v. Perry, 412 F.3d 707, 714 (6th Cir. 2005), quoting Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations for a claim for false arrest, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace, 127 S.Ct. at 1100. See also Fox v. DeSoto, 489 F.3d 227, 235 (6th Cir. 2007). As noted by the United States Supreme Court, such accrual sometimes occurs before the existence or setting aside of the related criminal conviction. However, the Supreme Court expressly decided against a federal tolling rule. Wallace, 127 S.Ct. at 1097-1100. Instead, the Supreme Court generally refers to state-law tolling rules, e.g., Hardin v. Straub, 490 U.S. 536, 538-539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). Michigan law does not appear to provide tolling in these circumstances. Although Michigan law at one time did toll the limitations period during a person's incarceration, in 1994 the Michigan legislature amended the tolling statute to remove imprisonment as a disability tolling the statute of limitations. See 1993 Mich. Pub. Acts 78 (effective Apr. 1, 1994); see also, Wallace v. Engler, No. 95-40273, 1997 WL 111777, *6 (E.D. Mich. January 28, 1997).

In this case, plaintiff was detained pursuant to legal process in 1994 as a result of the arrest. Consequently, his claim for false arrest accrued at that time. See Fox, 489 F.3d at 235. That claim was not tolled and the statute of limitations for it has long since passed.

Plaintiff's argument that the statute of limitations has not passed because defendants, on February 16, 2006, specifically sought to have a state judge to extend plaintiff's four year

sentence to a new maximum sentence of five years. However, that allegation of plaintiff's was not alleged against Gaines and Young defendants in the complaint. Plaintiff's claim against Gaines and Young is for false arrest, and the statute of limitations for it has passed.

**B.    Birkett's Motion to Dismiss**

A plaintiff is responsible for serving the summons and complaint within the applicable time period. Fed. R. Civ. P. 4(c)(1). Without such personal service, a district court is without jurisdiction to render judgment against a defendant. Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991). The time limit for service of process is 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996), citing Habib v. Gen. Motors Corp., 15 F.3d 72, 73 (6th Cir.1994).

Fed. R. Civ. Pro 4(e) provides that, unless otherwise provided by federal law, service upon an individual may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

In this case, it is undisputed that plaintiff attempted to serve Birkett by personally mailing Birkett a copy of the complaint via first class mail. Plaintiff's method of service clearly fails to meet the requirements of either Fed. R. Civ. Pro. 4(e)(1) or Fed. R. Civ. Pro. 4(e)(2).

Pursuant to Fed. R. Civ. Pro. 4(e)(1), plaintiff could have served Birkett as provided by Michigan law. Under Michigan court rules, process may be served on a resident individual, such as Birkett, by "(1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." M.C.R. § 2.105. In this case, plaintiff attempted to serve Birkett through the mail, but he failed to send a copy of the summons, send the summons and complaint through registered or certified mail, return receipt request, or restrict delivery to Birkett. Given those failures, plaintiff has failed to meet the requirements of M.C.R. § 2.105 and, consequently, Fed. R. Civ. Pro. 4(e)(1).

Plaintiff's method of service clearly fails to meet the requirements of Fed. R. Civ. Pro. 4(e)(2). Plaintiff's mailing of the complaint clearly failed to meet the requirements of Fed. R. Civ. Pro. 4(e)(2) because he did not serve defendants personally, leave a copies at their places of abode, or deliver copies to an agent authorized by appointment or law to receive service of process.

Moreover, Fed. R. Civ. Pro. 4(c)(2) provides, in part, that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." In this case however, plaintiff admits that he attempted to serve Birkett himself through the mail. Service by a party clearly contradicts the language of the rule.

A complaint should only be dismissed for insufficient service of process absent a showing of good cause to justify a failure to effect timely service. Byrd, 94 F.3d at 219. In this case, plaintiff argues, without support, that his service was sufficient because he was instructed to serve defendants by court employee Teresa McGovern. Plaintiff, however, fails to provide the correspondence upon which he relies. From Ms. McGovern, this court has received generic correspondence she would have sent plaintiff. That letter provides in pertinent part:

> "Your Application to Proceed Without Prepayment of Fees has been granted and your case has been accepted for filing. The civil action number and Judge assignment are above.
> Please note that the Judge did not order my office to arrange for service of the summonses and complaint by the U.S. Marshal. Therefore, summonses are enclosed for you to serve upon all defendants. . . ."

Generic Correspondence, David J. Weaver by Teresa McGovern

Given that the language clearly advised plaintiff of his responsibility to serve the summonses and complaint on defendants, which plaintiff failed to do in any event, plaintiff cannot rely on it to excuse the lack of proper service.

Plaintiff argues that, even if his method of service was technically improper, Birkett received actual notice of this action and, consequently, the improper service should be excused. However, "[t]his court has indicated ... that it will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4." LSJ Investment Co., Inc. v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir.1999) (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1154 (6th Cir.1991)). See also McCarthy v. Gallagher, 2006 WL 1795101, *1 (E.D. Mich. June 28, 2006) (O'Meara, J.).

Given the absence of a showing of good cause justifying his failure to effect timely service, plaintiff's claims against Birkett should be dismissed without prejudice pursuant to Fed. R. Civ. Pro. 12(b)(5).

**IV. Conclusion**

For the reasons discussed above, the court recommends that defendants' motions to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: November 21, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 21, 2007.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan